[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff is forty-eight and the defendant is fifty. The Court has jurisdiction. It is a twenty-four year marriage. The plaintiff is in good health except that she has in the past few years developed high blood pressure that she is treating with medication. She does not consider it to be a major problem. There are two children issue of the marriage: Todd R., who is age twenty, and is a student at Dickinson University; and a daughter, Courtney, age fifteen, who attends New Fairfield High School. Plaintiff is a high school graduate with one year of secretarial school. She worked until the birth of the first child and then remained at home as a full-time homemaker. It is undisputed that she was the ideal mother. Plaintiff is presently employed as a real estate sales person for Century 21 in New Fairfield. She works fifty-five to seventy hours a week and enjoys her employment. She had her real estate license in 1979 but basically did nothing with it and let it lapse. She subsequently renewed it and in July of 1996 she began selling real estate on a day-to-day basis. She presently works on commission but receives no benefits. Most of her business expenses are paid from her commissions. In 1998, she earned $37,000 in commissions but had expenses of $16,000, before taxes. She has three commissions due in the amount of $10,000 that she expects to be paid on or before June 30, 1999. These will come from the proceeds of three sales CT Page 6294 that have not yet been consummated. Although she attended secretarial school, she wants to continue her career in real estate sales. She is presently in a business that is market-driven and she will probably have some success. After expenses and splitting her commissions, there will not be substantial net income available to her. She is never going to earn a sizeable income in her current employment.
The defendant is well educated in the field of math and has a master's degree in business. He is a very capable financial advisor and investment broker. The marriage has been marred by at least three of his affairs and some acts of physical abuse directed toward his wife. It would serve no purpose to detail the history of infidelity and the acts of abuse. The defendant candidly admits all of his extramarital relationships. The plaintiff sought reconciliation throughout the marriage but there was never any genuine commitment to his marital obligations. His concupiscence overcame any possibility of forestalling the inevitable destruction of the marriage. The defendant has had very serious health problems including a malignant liver that required resection. He has colon cancer that is in remission. He has had lengthy chemotherapy both oral and by injection. His health problems surfaced in 1994, and several hospitalizations had been required. He is presently symptom-free. He has always been a hard and diligent worker. He worked as an accountant in several local industries and presently is a portfolio manager and investment advisor employed by Morgan Stanley. After one of his extramarital affairs, plaintiff suggested that he come back as long as they both went for counseling. He told her he could not promise he would not go back to his girlfriend. Subsequent to this, he started a lawsuit against Pamela Davis that is presently pending in the Superior Court at Litchfield to collect moneys that he had given her as part of an agreement that she would marry him when he was free of the plaintiff. It is his claim that Ms. Davis reneged on the agreement and kept his money. Since that time, he has been involved with Katherine Gentile, although he claims to have made no commitment to her with respect to marriage. When plaintiff became pregnant in 1981, the defendant said he did not want another child. He grabbed her by the wrist and told her to get rid of the child by way of an abortion. The misconduct of the defendant from the inception of the marriage is overwhelming. However, there is one incident that the plaintiff has not been able to explain to the satisfaction of the Court. The plaintiff admitted to putting half a Xanax pill in defendant's coffee on October 14, 1994, prior to his going to the CT Page 6295 hospital for treatment. As a result of this, the defendant subsequently became lightheaded and collapsed. The defendant offered testimony that it was likely that two Xanax pills were in fact placed in his coffee, which would not have been fatal, but could have given defendant serious difficulty if he drove an automobile after leaving the hospital. Defendant claims that his wife planned to kill him, however, no complaints were made to law enforcement officials, and the Court has serious doubts as whether his demise was actually contemplated by the plaintiff. He continued to share the same marital home with her long after this incident, and he continued to have sexual relations with her through March of 1996. The primary cause for the breakdown of the marriage was the infidelity of the defendant and his flagrant violation of the marriage contract.
The Court has carefully considered all of the statutory criteria set forth in §§ 46b-81(c) and 46b-82 of the Connecticut General Statutes as it relates to the assignment of property and alimony in making its orders.
 ORDERS
The Court orders the following:
1. A dissolution of the marriage of the parties.
2. The parties shall retain joint custody of the minor child, Courtney. The child's residence shall be with the plaintiff, and the defendant shall have reasonable and flexible visitation, including alternate weekends from Friday at 6:30 p. m. through Sunday at 6:30 p. m., two evenings during the week for dinner with reasonable notice, Christmas Eve with the defendant, Christmas Day with the plaintiff, alternate holidays, two weeks of summer vacation with notification by May 1 of each year in advance, and such other times as may be agreed upon. All visitation shall take into account the daughter's scheduled activities (both school and sports requirements), and the daughter shall be consulted with regard to visitation.
3. The defendant shall pay to the plaintiff for child support a sum equal to $230 per week, payable until the child is eighteen years of age, but if still in high school, support shall continue through high school graduation but not beyond the age of nineteen years. CT Page 6296
4. The defendant shall maintain medical insurance coverage for the minor child. The parties shall equally share the payment of unreimbursed medical and dental expenses incurred. The payment of said insurance and sharing of expenses shall continue until the minor child attains the age of eighteen years, but if still in high school, shall continue through high school graduation but not beyond the age of nineteen years.
5. The defendant shall continue to pay the minor child's orthodontia expenses unless he has already paid same.
6. The plaintiff may be entitled to COBRA medical insurance coverage. The defendant shall fully cooperate and provide to the plaintiff all necessary forms and information to enable her to obtain COBRA medical insurance. The plaintiff shall be responsible for the payment of her own medical insurance.
7. The defendant shall pay to the plaintiff as alimony the sum of $425 per week. Said alimony shall be payable until the happening of the first of the following events: the death of either party or the plaintiff's remarriage.
8. The defendant has a 401K with Morgan Stanley, an IRA with Morgan Stanley and a Prudential Retirement Account. These three accounts contain a total of approximately $172,000. The plaintiff shall be entitled to one-half of these accounts with interest accrued on them as of date of judgment, and these accounts shall be equally divided. A Qualified Domestic Relations Orders will be necessary to accomplish the division, and the Court shall retain jurisdiction to amend the orders until they have been accepted by the Plans Administrators.
9. The plaintiff is the custodian of an account containing approximately $132,000 which has heretofore been segregated to pay for the educational expenses of the daughter, Courtney. The plaintiff shall hold said funds and utilize those funds only for Courtney's post high school educational expenses. Plaintiff shall continue to be the sole custodian of such account but it shall be transferred to an account at Morgan Stanley/Dean Witter.
10. The defendant's Dean Witter account totaling approximately $39,000 shall remain the property of the defendant; however, pursuant to his agreement, he shall continue to utilize these funds for Todd's remaining college expenses. CT Page 6297
11. The defendant shall transfer to the plaintiff the sum of $62,000 from his Morgan Stanley Securities Account shown on his affidavit of February 25, 1999 as having a value of $183,024 as of that date.
12. The real estate located at 3 Mauweehoo Hill in Sherman, Connecticut, is appraised for $210,000. The 5.77 acre parcel of vacant raw land immediately adjacent thereto, has an appraisal value of $45,000. There is a $6500 mortgage on the marital home. Defendant shall transfer to the plaintiff any and all interest he may claim in both parcels, and plaintiff shall be responsible for the existing mortgage. Plaintiff shall pay to the defendant the sum of $50,000 with interest in five annual installments of $10,000, the first payment commencing one year from the date of judgment. Said sum of $50,000 shall be secured by a mortgage deed and note on the real estate known as 3 Mauweehoo Hill, Sherman. The defendant shall retain the entire proceeds from the sale of the lot located in Brookfield that had been owned jointly with his brother.
13. The defendant is awarded the Sterling silver flatware, the Limoges China, picture of Louise Englehart, camcorder, filing cabinet, entertainment center, end table, books including leather bound books in office, and the TV in the kitchen.
14. The defendant shall retain his Porsche automobile, as well as the boat and trailer, without any claim by the plaintiff.
15. The defendant shall pay on behalf of the plaintiff's counsel fees the sum of $10,000, payable within thirty days from the date of judgment.
16. The defendant shall be entitled to whatever proceeds he receives as a result of his claim against Pamela Davis now pending in the Superior Court at Litchfield.
17. The defendant shall maintain life insurance in the amount of $250,000, and designate the plaintiff as the beneficiary as long as his obligation to pay alimony continues. He shall give to the plaintiff annual verification concerning the status of the policies and verification that the premium payments have been made.
18. The tax refunds from the jointly filed tax returns in 1996, in the total amount of $9473, shall be divided equally by CT Page 6298 the parties.
19. The defendant shall reimburse the plaintiff for the sum of $1671.56 that was advanced to Dickinson University for Todd, and that should have been paid from the educational account defendant is holding.
20. Each of the parties shall be responsible for the debts listed on their respective financial affidavits, except for those items specifically addressed in this judgment.
21. The defendant shall be entitled to the tax dependency exemptions as long as he pays child support in accordance with the Child Support Guidelines, and as long as he is current with same.
22. The defendant will receive various inheritances either from the Estate of Enid Boston or a life insurance policy on Patricia Boston or from the estate of his mother through the terms of his father's trust or from all three sources. There is also life insurance on his mother's life. With regard to the inheritances, they are vested, but the total value is not discernable at this time. Any inheritance that the defendant shall receive may be a basis for the modification of any alimony award.
Owens, J.